**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ENOC CALIX DIAZ,

                Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

                Respondent.

No.   17-71713

Agency No. A206-637-268

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2022[**]
Pasadena, California

Before: RAWLINSON, CHRISTEN, and KOH, Circuit Judges.

Enoc Calix Diaz (Calix Diaz), a native and citizen of El Salvador, petitions

for review of a decision of the Board of Immigration Appeals (BIA) dismissing his

appeal of the denial by an immigration judge (IJ) of asylum, withholding of

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture (CAT).[1] Calix Diaz contends that the denial of withholding of removal was not based on substantial evidence, and that he was entitled to protection under the CAT because it was more likely than not that he would be tortured if returned to El Salvador.

As the BIA and IJ alternatively concluded, Calix Diaz's testimony, even if deemed credible, did not compel a finding that he was entitled to withholding of removal based on past persecution. "We have repeatedly denied petitions for review when, among other factors, the record did not demonstrate significant physical harm." *Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (citations omitted). Additionally, "[p]etitioners often point to threats made against them in support of their claims of past persecution. Threats are relevant to the past persecution analysis. But mere threats, without more, do not necessarily compel a finding of past persecution." *Id.* at 1062 (citations, alteration, and internal quotation marks omitted).

Calix Diaz testified that he was beaten on one occasion and, despite his body being "full of blood," he did not seek medical treatment and recuperated with the use of acetaminophen and "household remedies." The IJ determined that Calix

---

[1] Calix Diaz does not challenge the BIA's ruling that his asylum application was untimely. As a result, we limit our review to Calix Diaz's withholding of removal and CAT claims.

Diaz "provided very few details about the incident," and "[t]he only specific injury [Calix Diaz] described was being hit in the nose and suffering a bloody nose." Calix Diaz also testified that he was threatened by the same individuals who beat him, but he "walked away from them and they continued going to where they were going." Based on Calix Diaz's testimony, substantial evidence supports the agency's determination that the incidents did not rise to the level of persecution warranting withholding of removal. *See id.* at 1065.[2]

Finally, substantial evidence supports the denial of CAT relief because Calix Diaz did not point to any evidence establishing that "he would be subject to a *particularized threat of torture*, and that such torture would be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) (citation omitted) (emphasis in the original); *see also Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750-51 (9th Cir. 2022) (noting that "the only evidence Petitioner muster[ed] in support of his CAT claim [was] generalized country conditions evidence, which [fell] short of making the particularized and individual

---

[2] Contrary to Calix Diaz's assertions, letters from his pastor and a municipal director did not sufficiently corroborate his claims. As the IJ determined, the municipal director was merely repeating information learned from Calix Diaz's parents, and the pastor's statement was vague.

showing of an extraordinary circumstance necessary to overturn the agency's decision") (citation, alteration, and internal quotation marks omitted).

**PETITION DENIED.**[3]

---

[3] Because we deny the petition based on a lack of past persecution, we need not address the agency's credibility determination. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 n.3 (9th Cir. 2020).